UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDYN E. MITCHELL,

Plaintiff,

v. Case No. 2:26-cv-2264-KCD-KRH

A. JURIM and F. BARNS,

Defendants.
_______________________________/

**ORDER OF DISMISSAL**

Plaintiff Brandyn Mitchell, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint and a motion for leave to proceed as a pauper. (Doc. 1; Doc. 2.) After reviewing the complaint, the Court ordered Mitchell to show cause why his case should not be dismissed as a sanction for not disclosing two prior federal cases, as required on the complaint form. (Doc. 6.) Mitchell responded to the order to show cause. (Doc. 10.)

For the reasons outlined below, Mitchell's complaint will be dismissed without prejudice to filing a new civil action in which he provides the Court with his complete litigation history.

## I. Background

On July 29, 2026, Mitchell initiated this action under 42 U.S.C. § 1983. Section Eight of the Court's civil rights complaint form questioned Mitchell

about his previous lawsuits. (*Id.* at 10.) Specifically, the form asked if he had filed "other lawsuits in state or federal court relating to the conditions of your imprisonment." (*Id.* at 11.) Mitchell indicated that he had filed no other lawsuits. He did not acknowledge that he filed case number 3:24-cv-210-LCZCB in the Northern District of Florida raising claims of excessive force at Blackwater River Correctional Facility, or case number 2:24-cv-00831-JLB-KCD in this Court alleging claims of excessive force at Charlotte Correctional Institution.

The Court ordered Mitchell to show cause why he should not be subject to sanctions, including the dismissal of this case, due to his failure to honestly apprise the Court of his litigation history. (Doc. 6.) In response to the order to show cause, Mitchell states that he "honestly forgot the case number to both cases" and asks to file an amended complaint to "correct [his] errors." (Doc. 10 at 1.)

## II. Discussion

Providing false information to the court is, in and of itself, a valid ground for dismissing a complaint. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (dismissing a complaint without prejudice for failing to disclose prior litigation "was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules"); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).

In *Redmon*, the Eleventh Circuit affirmed the district court's dismissal of a complaint based on the plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process. *Id.* at 225. The court explained that under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Id.* (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). The Eleventh Circuit further explained that a district court may impose sanctions under Federal Rule 11(c) if a party knowingly files a pleading that contains false contentions, and although *pro se* pleadings are held to less stringent standards, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Redmon*, 414 F. App'x at 226 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The court affirmed the district court's conclusion "that Plaintiff's explanation for his failure to disclose the [lawsuit]—that he misunderstood the form—did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction." *Id*. at 226.

Here, Mitchell's explanation for his failure to reveal his prior cases does not add up. He asserts that he could not remember the case numbers of his previously filed cases. (Doc. 10 at 1.) But the complaint form clearly asked Mitchell whether he had brought <u>any</u> other lawsuits in state or federal court while confined. And although the question was neither ambiguous nor unclear, Mitchell represented that he had filed no prior cases. Even if Mitchell could

not remember the precise case numbers of his prior litigation, he would have known that he had filed at least two cases in federal district court.

Therefore, the Court finds that Mitchell purposefully misled the Court regarding his litigation history. If misrepresentations on a complaint form are not met with consequences (sanctions), the duty of candor required under Rule 11 would be meaningless. Rule 11(b)(4) commands that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Because Mitchell is incarcerated and seeks to proceed *in forma pauperis*, he is almost certainly unable to pay a significant monetary sanction. Moreover, the actions described in his complaint occurred in July of 2026. Thus, a dismissal without prejudice will not preclude him from re-filing the case before the expiration of the statute of limitations. Accordingly, the Court finds that the appropriate sanction for Mitchell's lack of candor is a dismissal without prejudice to him filing a new case that discloses all of his prior litigation.

## III. Conclusion

Mitchell did not truthfully disclose his prior cases as required by the clear instructions on the civil rights complaint form, and he has not offered a persuasive explanation for his lack of candor. Mitchell's failure to fully disclose his previous lawsuits constitutes an abuse of the judicial process. An appropriate sanction for such abuse of the judicial process is the dismissal of

the complaint without prejudice. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly:

1. This case is **DISMISSED without prejudice** because of Mitchell's failure to truthfully disclose his litigation history.
2. The **Clerk of Court** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on October 6, 2026.



Kyle C. Dudek
United States District Judge